# Exhibit 110

| Message | |
|---|---|
| **From**: | Ben-Jacob, Michael [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=BEN_M] |
| **Sent**: | 12/2/2012 3:24:59 PM |
| **To**: | Richard Markowitz [rmarkowitz@argremgt.com] |
| **CC**: | Wells, Peter [/O=KAYESCHOLER/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=Wells_p] |
| **Subject**: | FW: Due Diligence in London |
| **Attachments**: | Draft opinion - Pension funds - BE-US tax treaty - WHT - Mark-up 30 November.docx |

Rich,

I have reviewed the opinion and think that it covers the points we wanted to see.  So unless Duet or your group have further comments we are ok with this.

Let me know if you wish to discuss.

mbj


\*\*\*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Michael Ben-Jacob
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8310 | F: +1 212.836.6310
michael.ben-jacob@kayescholer.com | www.kayescholer.com


This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8310) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Jonathan Sander [mailto:JSander@duetgroup.net]
**Sent:** Friday, November 30, 2012 8:23 AM
**To:** Wells, Peter; Richard Markowitz; Aneil Anand; globalequity
**Cc:** Jérôme LHOTE; Matthew Stein; Adam Larosa; John H. van Merkensteijn, III; Ben-Jacob, Michael
**Subject:** RE: Due Diligence in London

Dear All,

Please see attached draft Belgian tax opinion from Freshfields.

Regards

Jonathan

**From:** Jonathan Sander
**Sent:** Thursday, November 29, 2012 8:03 PM
**To:** 'Wells, Peter'; Richard Markowitz; Aneil Anand; globalequity

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00288961

**Cc:** Jérôme LHOTE; Matthew Stein; Adam Larosa; John H. van Merkensteijn, III; Ben-Jacob, Michael
**Subject:** RE: Due Diligence in London

Peter,

Thank you for your email.

Please see attached and my comments below, all of which is subject to review by Aneil.

Kind regards

Jonathan

---

**From:** Wells, Peter [mailto:Peter.Wells@kayescholer.com]
**Sent:** Wednesday, November 28, 2012 7:39 AM
**To:** Jonathan Sander; Richard Markowitz; Aneil Anand; globalequity
**Cc:** Jérôme LHOTE; Matthew Stein; Adam Larosa; John H. van Merkensteijn, III; Ben-Jacob, Michael
**Subject:** RE: Due Diligence in London

Jonathan,

Further to the various discussions, we provide the following comments and note related outstanding points:

1. Rep Letter – We attach a blackline containing our suggested change as we found the language in the last paragraph on the first page to be overly broad. **Seems fine to me.** In addition, we note that we think it would be better to create two letters, one letter should be addressed to the limited partner, and the other to Michelle Investments as the lender. **This seems fine. Please advise who will be the process agent in the UK for Mill River and Michelle.**

2. Limited Partnership Agreement and IMA – we are fine with most recent changes that have been circulated related to these documents, though as we note below the changes to the IMA should be reflected in the PPM and, to the extent relevant, in the LP Agreement. **Only the PPM needs to be updated, as attached, and hopefully this addresses your comments below in point 3.**

3. PPM
   - Section 13 – Fees of the Investment Manager (Fourth Paragraph) – We wanted to make sure that the language was clear that the fee calculation is not based on the principal amount of a loan to the partnership. We assume that the phrase "accrued payable" is meant to capture any fee under the loan agreement and any accrued interest on the loan but not any principal amount. Perhaps this could be made a bit clearer. In addition, why is the fee calculation made before accrued Performance Fees are deducted? We would have thought the opposite to be the case: any accrued, but not paid, Performance Fee should be deducted from the calculation.
   - Section 13 – Fee of the Investment Manager (Last Paragraph referring to the Adjustment Performance Fees) – In light of the changes to the IMA we assume this paragraph is going to be deleted.

4. Subordinated Loan Agreement – between Michelle Investments and Hamlyn LP **Please see comments as attached. Once we are in agreement, I will circulate to Scotia for comment.**

Regards,
Peter

***

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue

Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com

This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Jonathan Sander [mailto:JSander@duetgroup.net]
**Sent:** Tuesday, November 27, 2012 9:49 AM
**To:** Richard Markowitz; Aneil Anand
**Cc:** Jérôme LHOTE; Robert Klugman; Matthew Stein; Adam Larosa; John H. van Merkensteijn, III; Ben-Jacob, Michael; Wells, Peter
**Subject:** RE: Due Diligence in London

Richard,

Please see attached proposed amended timeline for discussion today.

I also attach an updated IMA following our counsel review.

Regards

Jonathan

**From:** Richard Markowitz [mailto:rmarkowitz@argremgt.com]
**Sent:** Tuesday, November 27, 2012 2:26 AM
**To:** Aneil Anand; Jonathan Sander
**Cc:** Jérôme LHOTE; Robert Klugman; Matthew Stein; Adam Larosa; John H. van Merkensteijn, III; Michael Ben-Jacob; Peter Wells
**Subject:** Due Diligence in London

Aneil and Jonathan:

Assuming everything is ok with Scotia, we would like to come to London next week (preferably Tuesday, December 4th and have 2 different on-site meetings. One at Duet (including senior management as well as Nick and others involved in the trading) and one at Scotia (Mark Cameron). We assume that one or both of you would come from Dubai. From our side it would likely be Matt Stein and Jerome Lhote, since they then have some meetings later in the week in Germany.

We should have a call on Tuesday morning (around 10 am, NY time) to talk about these meetings and the documentation process.

Please confirm.

Thanks,

Richard

Richard Markowitz
Managing Director
Argre Management LLC
40 West 57th Street

20th Floor
New York, NY 10019

Tel:      (212) 247-2600
Fax:      (212) 247-2753
Mobile:   (917) 848-5675

RMarkowitz@Argremgt.com

_____
This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com
_____

*************************************************************
DUET ASSET MANAGEMENT LIMITED is authorised and regulated by the Financial Services Authority
*************************************************************

Internet communications cannot be guaranteed to be confidential, secure or error-free as information could be intercepted, corrupted, lost, arrive late or contain viruses. The sender therefore does not accept liability for any errors or omissions in the context of this message which arise as a result of Internet transmission.

Unless otherwise stipulated herein, any opinions contained in this message are those of the author and are not given or endorsed by the company through which this message is sent.

Nothing in this message or in its attachments should be construed as a solicitation or offer, or recommendation, to acquire or dispose of any investment or to engage in any other transaction.

_____
This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com
_____

_____
This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com
_____

*************************************************************
DUET ASSET MANAGEMENT LIMITED is authorised and regulated by the Financial Services Authority
*************************************************************

Internet communications cannot be guaranteed to be confidential, secure or error-free as information could be intercepted, corrupted, lost, arrive late or contain viruses. The sender therefore does not accept liability for any errors or omissions in the context of this message which arise as a result of Internet transmission.

Unless otherwise stipulated herein, any opinions contained in this message are those of the author and are not given or endorsed by the company through which this message is sent.

Nothing in this message or in its attachments should be construed as a solicitation or offer, or recommendation, to acquire or dispose of any investment or to engage in any other transaction.

_____
This email has been scanned by the Symantec Email Security.cloud service.

For more information please visit http://www.symanteccloud.com

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00288965